IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD THOMPSON, CZ-8234, )
    Petitioner, )
     )
    v. ) 2:13-cv-353
     )
DISTRICT ATTORNEY OF BEAVER COUNTY, )
et al. )
    Respondents. )

REPORT and RECOMMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Ronald Thompson (ECF 1) be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Ronald Thompson, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus.

Thompson is presently serving a life sentence imposed following his conviction by a jury of first degree murder at No. 921 of 1995, in the Court of Common Pleas of Beaver County, Pennsylvania. This sentence was imposed on May 13, 1996.[1]

An appeal was taken to the Superior Court which affirmed the judgment of conviction on June 22, 1997, and leave to appeal was denied by the Pennsylvania Supreme Court on September 22, 1997.[2]

On November 20, 1998, Thompson submitted a post-conviction petition which was denied on February 2, 2000.[3] On February 8, 2010, he filed a second post-conviction petition which was denied on March 2, 2010.[4] A third post-conviction petition was filed on June 29,

---

[1] See: Petition at ¶¶1-6.
[2] See: Petition at ¶9.
[3] See: Petition at ¶11(a).
[4] See: Petition at ¶11(b).

1

2011 and denied on August 1, 2011.[5] Relief was denied by the Superior Court and a request for allowance of appeal to the Pennsylvania Supreme Court was not sought.[6]

In the instant petition executed on March 6, 2013, Thompson contends he is entitled to relief on the grounds of prosecutorial misconduct, ineffective assistance of counsel, denial of a timely filed post-conviction, and the Superior Court received false information in conjunction with his post-conviction petition.[7]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on September 22, 1997 and certiorari was not sought. Thus, his conviction became final on December 21, 1997 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The

---

[5] See: Petition at ¶11(c).
[6] See: Petition at ¶11(d).
[7] See: Petition at ¶12.

petitioner did not seek post-conviction relief for the first time until November 20, 1998 or eleven months after his conviction became final. That petition was denied on February 2, 2000. Apparently no further action occurred until an untimely second post-conviction petition was filed on February 8, 2010. That petition was denied on March 2, 2010 as untimely and a third post-conviction petition was filed on June 29, 2011 and also denied on August 1, 2011.[8] Further relief was also denied. The instant petition was executed on March 6, 2013 or over fifteen years after his conviction became final and over thirteen years after his post-conviction petition was denied. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

      Accordingly, it is recommended that the petition of Ronald Thompson for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

      Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: July 2, 2013                         United States Magistrate Judge

---

[8] Pennsylvania provides that a post-conviction petition be filed within one year of the conviction becoming final. 42 Pa.C.S.A. §9545(b).